IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROCHELLE LONG**, *Plaintiff*, v. **PROGRESSIVE ADVANCED INSURANCE COMPANY**, *Defendant*. | Case No. 2:24-cv-01735-JDW |

### MEMORANDUM

Insurance companies evaluate claims as part of their business, and their claims evaluations often result in demands from policyholders and then litigation. In discovery, that reality poses a challenge: litigants (and then judges) must decide when an insurance company created a claim evaluation document in the course of its business and when it did so in anticipation of litigation. The first category of documents is discoverable, but the latter is work product that Federal Rule of Civil Procedure 26(b) protects.

In this case, Progressive Advanced Insurance Company asserts work product protection for claims documents that it created after receiving a demand letter from a lawyer representing Rochelle Long. After reviewing the record and the documents at issue *in camera*, I conclude that Progressive has not demonstrated that work product protection applies because the documents reflect claims handling, not litigation analysis.

**I.     BACKGROUND**

Ms. Long was in a car accident on February 8, 2022. Progressive had issued an insurance policy to cover her at the time, and she notified Progressive of the accident the day that it happened. She reported injuries to Progressive on February 10, 2022. After she settled with the other driver, she made a claim for UIM benefits from Progressive on October 19, 2023. (*See* ECF No. 17-4 at p. 20 of 31.)

On December 1, 2023, Ms. Long's lawyer sent a demand package to Progressive, demanding that Progressive tender its policy limits if it wanted to avoid litigation. As of then, Progressive had not yet evaluated Ms. Long's claim. It did so on December 4, 2023, but it has redacted information from its claims notes on work product grounds. Its redactions cover both the overall valuation that it attached to Ms. Long's claim and its analysis of specific elements of her claim.

Ms. Long has made multiple efforts to obtain that information. In response to this latest motion, I ordered Progressive to submit unredacted versions of the claims notes to me for *in camera* review. I have now reviewed those documents and considered the Parties' arguments concerning the applicability of work product protection.

**II.    DISCUSSION**

The work product doctrine, which Federal Rule of Civil Procedure 26(b)(3) codifies, shields materials prepared in anticipation of litigation from discovery, unless certain exceptions apply. Work product immunity shelters an attorney's mental processes,

providing a privileged area to analyze and prepare his client's case. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). The party claiming work product protection "bears the burden of showing that the materials in question were prepared in the course of preparation for possible litigation." *Id.* Because insurance companies evaluate claims made by their insureds in the ordinary course of their business, "discovery disputes involving an insurance company's claims file often present problems for the parties." *Garvey v. Nat'l Grange Mut. Ins. Co.*, 167 F.R.D. 391, 394 (E.D. Pa. 1996) (citation omitted).

Progressive has not carried its burden to show that it created the redacted claims entries in anticipation of litigation. Insurers have a duty to investigate, evaluate, and decide on claims that insureds make. *See Borgia v. State Farm Mut. Automobile Ins. Co.*, Civ. A. No. 14-3149, 2014 WL 4375643, at * 3 (E.D. Pa. Sept. 3, 2014). Progressive had not fulfilled that duty when it created the redacted claims notes. Thus, while the litigation demand that Ms. Long's counsel sent Progressive might have prompted it to conduct the evaluation (or conduct it faster), it had a separate, business-related obligation to conduct that evaluation.

Progressive also has not identified any other facts that might swing its evaluation into the "anticipation of litigation" category. The demand letter did not demand more than Progressive had offered, it did not demand more than the policy limits or threaten a bad faith claim, and Progressive had not yet hired outside counsel. Without any other fact

3

to suggest that the evaluation was done in anticipation of litigation, Progressive has not carried its burden.

The fact that Progressive had not yet evaluated Ms. Long's claim sets this case apart from many of the cases that Progressive cites. In *Barnard*, *Cicon*, and *Parisi*, the insurers had already evaluated the claims and communicated their positions to the insureds **before** any demand letters arrived. See *Barnard v. Liberty Mut. Ins. Corp.*, No. 3:18-CV-01218, 2019 WL 461510 at *4 (M.D. Pa. Feb. 6, 2019); *Cicon v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-CV-2187, 2015 WL 5021736 at *1 (M.D. Pa. Aug. 21, 2015); *Parisi v. State Farm Mut. Auto. Ins. Co.*, No. 3:16-179, 2017 WL 9438478 at *2 (W.D. Pa. Nov. 14, 2017). In that circumstance, the insurer has fulfilled its obligation, and any revisitation of the claim analysis ties more to the litigation demand than a business need.

Progressive's argument to the contrary boils down to the fact that it received a demand letter from Ms. Long's counsel before it created the documents at issue. But there's no *per se* rule that every document that an insurance company creates after receiving a demand letter constitutes work product. A demand letter, even one with a high settlement demand, does not absolve an insurance company of the duty to evaluate a claim. Thus, when an insurance company continues its evaluation of a claim after receiving a demand letter, work product protection does not attach to the documents reflecting that evaluation. See *Holmes*, 213 F.3d at 138-39; *Wagner v. Allstate Ins. Co.*, No. 5:14-CV-07326, 2016 WL 233790 at *6 (E.D. Pa. Jan. 19, 2016). Progressive has not

suggested that the evaluation that it conducted differed in scope or character from the evaluation that it would have conducted if it received a claim from Ms. Long but no demand letter.

## III. CONCLUSION

Progressive hasn't met its burden to show that it prepared the redacted portions of the claim notes in anticipation of litigation rather than in the ordinary course of business. Therefore, the work product doctrine doesn't apply. Accordingly, I will grant Ms. Long's motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 11, 2024