IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROCHELLE LONG**, *Plaintiff*, v. **PROGRESSIVE ADVANCED INSURANCE COMPANY**, *Defendant*. | Case No. 2:24-cv-01735-JDW |

**MEMORANDUM**

Pennsylvania law imposes on insurers to handle claims in good faith, but that doesn't mean that insurers always must agree with their insureds over the value of a claim. Disagreements happen, especially in valuing non-monetary injuries. Rochelle Long claims that her auto insurer, Progressive Advanced Insurance Company, acted in bad faith in negotiations with her over a claim that she submitted for uninsured motorist coverage. But the evidence reveals nothing more than a genuine dispute over the value of her claim. I will therefore grant Progressive's summary judgment motion directed at Ms. Long's bad faith claim.

I.      BACKGROUND

On February 8, 2022, a driver collided with Ms. Long's vehicle. At the time of the accident, a Progressive policy that provided up to $30,000 in UIM benefits covered Ms.

Long. On October 19, 2023, Ms. Long's counsel asked Progressive to consent to a third-party settlement for $15,000 and open a UIM claim, which it did. Progressive assigned a claims professional, Jeffrey Benditt, to the claim and began the investigation. That same day, Mr. Benditt confirmed Ms. Long's coverage, noted she was not liable, opened a $15,000 reserve, and emailed Ms. Long's counsel for a demand package and supporting medical records.

On December 1, 2023, Ms. Long's counsel sent the demand package to Progressive, which included some records and documentation of Ms. Long's injuries. Mr. Benditt reviewed the package, including the police report, medical treatment history, and losses or expenses associated with the accident. Mr. Benditt made Ms. Long an initial offer of $1,000 to settle the claim before raising the amount to $2,000, which she refused. Once settlement negotiations broke down, Mr. Benditt suggested arbitration. Ms. Long filed this complaint for bad faith and breach of contract on February 29, 2024 and Progressive removed the case on April 25, 2024.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, a court must "view the facts and draw

reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted).

In opposing summary judgment, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings" and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quotation omitted). "[I]nstead, [s]he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted); *see also* FED. R. CIV. P. 56(c)(1)(A)–(B). If she fails to make this showing, then the Court may "consider the fact undisputed for purposes of the motion" and/or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it[.]" FED. R. CIV. P. 56(e)(2), (3).

## III.  DISCUSSION

Ms. Long has not demonstrated that Progressive acted in bad faith when it valued her claim below the UIM policy limits. To sustain a claim for bad faith, an insured must—by clear and convincing evidence—prove "that the insurer did not have a reasonable basis for denying benefits and knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015). Courts apply this standard at summary judgment "in light of the heightened evidentiary burden" on the insured. *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d

Cir. 2005). To decide whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688–89 (Pa. Super. Ct. 1994). A genuine dispute over the value of an insured's claim is not bad faith. *Kalili v. State Farm Fire and Cas. Co.*, 330 A.3d 396, 407 (Pa. Super. Ct. 2024); *see also Hampton v. Progressive Ins. Co.*, 734 F. Supp. 3d 391, 395 (E.D. Pa. 2024).

Ms. Long has not met this burden and fails the first prong of the test. The record shows that Mr. Benditt confirmed coverage and reviewed the demand package from the medical information to which he had access at the time. Based on that information, he concluded that there were no out-of-pocket medical expenses or wage loss. He also considered the severity of Ms. Long's injuries, the causal relationship between the accident and her injuries, and her treatment history. The offers reflected the reasonable belief that the value of the claim did not exceed the third-party liability limit and Progressive's desire to avoid litigation. Ms. Long might disagree about the value of her claim, but that's not bad faith; it's a genuine dispute. *See Hampton*, 734 F. Supp. 3d at 395.

Ms. Long contends that Progressive's rapid increase of the offer from $1,000 to $2,000, coupled with its suggestion of arbitration, undermines Progressive's assertion that it had a reasonable basis for its offer. That evidence doesn't raise an issue for trial. Offer increases happen during settlement negotiations, and arbitration can be a lower-cost option to resolve a dispute. Progressive's actions show an effort to negotiate, not bad

faith, and the evidence doesn't meet the high burden needed to survive summary judgment. *See Northwestern Mut.*, 430 F.3d at 137.

Ms. Long also argues Progressive acted in bad faith because it did not conduct a thorough investigation. She alleges that Progressive had additional medical information not contained in the demand package—the first-party medical expenses—and Progressive should have reviewed those files or requested them once it realized the files were missing. Progressive took the information Ms. Long provided in her demand package, investigated the claim, and made an offer. If it failed to identify other information, that might be evidence of negligence, but not of bad faith. Progressive also maintains that UIM claim specialists don't have access to these types of files and Ms. Long hasn't presented any information disputing this fact. Therefore, Ms. Long fails the first prong of the test, which ends the analysis.

**IV.    CONCLUSION**

Progressive reviewed the record, evaluated the claim, and made a settlement offer reflecting its valuation of the claim. Because Ms. Long provides no evidence that Progressive lacked a reasonable basis, she falls short of the heightened standard, and I grant summary judgment for Progressive on the bad faith claim.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 4, 2025